js-6

FILED
CLERK, U.S. DISTRICT COURT

NOV 18 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BIRKE, | **CASE NUMBER** |
| PLAINTIFF(S) | 2:16-8432-R(Ex) |
| v. | |
| THE 538 INDIVIDUAL MEMBERS OF THE ELECTORAL COLLEGE, | **ORDER RE REQUEST TO PROCEED** *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____        _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- [x] Inadequate showing of indigency
- [x] Legally and/or factually patently frivolous
- [ ] Other: _____

- [ ] District Court lacks jurisdiction
- [ ] Immunity as to _____

Comments: *See Attachment.*

_11/17/16_____        _____
Date                                              United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- [ ] GRANTED
- [x] DENIED (see comments above). IT IS FURTHER ORDERED that:
  - [ ] Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - [x] This case is hereby DISMISSED immediately.
  - [ ] This case is hereby REMANDED to state court.

_11-18-16_____        _____
Date                                              United States District Judge

CV-73 (08/16)        ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

**ATTACHMENT**

**CV 16-8432-R(Ex)**

Plaintiff contends that the "all but certain" December 19, 2016 vote of the Electoral College to select Donald Trump as President of the United States will be unconstitutional. Plaintiff effectively seeks to replace the Electoral College vote with the popular vote as the method for selecting the President.

For better or for worse, the United States Constitution prescribes the Electoral College as the method for selecting the President. See U.S. Const., Art. II, section 1, clause 2; U.S. Const., Amend. XII. Ironically enough in a representative democracy, individual citizens of the United States have no free-standing constitutional right to vote for a presidential candidate. See Bush v. Gore, 531 U.S. 98, 104 (2000); Gray v. Sanders, 372 U.S. 368, 377 n. 8 (1963) ("The electoral college was designed by men who did not want the election of the President to be left to the people.") (citations omitted). The Constitution leaves to the states the method through which electors are appointed. See U.S. Const., Art. II, section 1, clause 2; Bush v. Gore, 531 U.S. at 104. Although the subject of

1

much criticism for many years,[1] the Electoral College remains the constitutionally-mandated method through which the President of the United States is selected.

Plaintiff claims that the Electoral College method for selecting the President violates equal protection and the principle of "one person-one vote."  These claims necessarily lack merit because the Electoral College method is of equal constitutional dignity with other constitutionally enshrined principles.  See <u>Gray v. Sanders</u>, 372 U.S. at 380 ("The only weighting of votes sanctioned by the Constitution concerns matters of representation, such as the allocation of Senators irrespective of population <u>and the use of the electoral college in the choice of a President</u>.") (emphasis added); <u>Trinsey v. United States</u>, 2000 WL 1871697, at *3 (E.D. Pa. Dec. 21, 2000) ("It is axiomatic that the Court, as interpreter and enforcer of the Constitution, is not empowered to strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent.  In other words, the electoral college cannot be questioned constitutionally because it is established

---

[1]     See, e.g. <u>Rethinking the Electoral College Debate:  The Framers, Federalism, and One Person, One Vote</u>, 114 Harv. L. Rev. 2526 (2001).

2

by the Constitution.") (citation omitted); <u>New v. Pelosi</u>, 2008 WL 4755414, at \*2 (S.D.N.Y. Oct. 29, 2000), <u>aff'd</u>, 374 Fed. App'x 158 (2d Cir. 2010) (same); <u>Hitson v. Baggett</u>, 446 F. Supp. 674 (M.D. Ala.), <u>aff'd</u>, 580 F.2d 1051 (5th Cir. 1978) (Table), <u>cert. denied</u>, 439 U.S. 1129 (1979) (rejecting claim that allocation of electors discriminates against voters in small states; "[t]he discrimination of which plaintiffs complain (if it is discrimination) is a product of the constitutional mandate that our president be elected through an 'Electoral College.' As such, it is a type of 'discrimination' specifically sanctioned by the Constitution.").

To the extent Plaintiff challenges some states' "winner-take-all" procedures, or challenges statutory or political party requirements that electors vote for the candidate who won the popular vote in their states, Plaintiff's challenges similarly lack merit. See <u>Ray v. Blair</u>, 343 U.S. 214, 231 (1952) (constitution does not bar political party from requiring electors to pledge to support the party's nominee); <u>Williams v. Virginia State Bd. of Elections</u>, 288 F. Supp. 622 (E.D. Va. 1968), <u>aff'd</u>, 393 U.S. 320 (1969) (per curiam) (upholding "winner-take-all" procedure for choosing electors).

Under the circumstances, the granting of leave to amend the complaint would be an idle act.  No lawsuit can replace the Electoral College; only a constitutional amendment can do so.